MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**13 CV 0425**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

MIGUEL CISNEROS, ROGELIO
HERNANDEZ, MARGARITO CANDIDO,
ANDRES CANDIDO, ANTONIO FUENTES,
HENRY LARREA and JOFFRE
GUARANDA *individually and on behalf of
others similarly situated,*

JAN 1 ~ 2013

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

*Plaintiffs,*

-against-

WISEWIZ LLC (d/b/a SHORTY'S), NOMAD
HOSPITALTY LLC (d/b/a SHORTY'S), ES
MANAGEMENT  GROUP INC., (d/b/a
SHORTY'S), and EVAN STEIN
                           *Defendants.*
-------------------------------------------------------X

Plaintiffs Miguel Cisneros, Rogelio Hernandez, Margarito Candido, Andres Candido,

Antonio Fuentes, Henry Larrea and Joffre Guaranda individually and on behalf of others

similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Michael Faillace

& Associates, P.C., upon their knowledge and belief, and as against WiseWiz LLC (d/b/a

Shorty's), Nomad Hospitality LLC., (d/b/a Shorty's), ES Management Group Inc., (d/b/a

Shorty's) and Evan Stein, (collectively the "Defendants") allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are present and former employees of Defendants WiseWiz LLC (d/b/a Shorty's), Nomad Hospitality LLC (d/b/a Shorty's), ES Management Group Inc., (d/b/a Shorty's) and Evan Stein.

2.      Defendants own, operate, or control a chain of fast food restaurants located at 576 9th Avenue, New York, NY 10036, 66 Madison Avenue, New York, NY 10016 and 131 East 31st, New York NY 10016 operating under the trade name "Shorty's".

3.      Upon information and belief, Individual Defendant Evan Stein, serves or served as owner, manager, principal or agent of Defendants WiseWiz LLC, Nomad Hospitality LLC, ES Management Group Inc., and through the corporate entities operates or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs are present and former employees of Defendants. They are (were) primarily employed as delivery workers, but they are (were) required to spend a considerable part of their workday performing non-tipped, non-delivery work, including various restaurant duties such as bringing up ice, beer from the basement, taking out the garbage, dishwashing, bringing up food for the cooks, carrying down and stocking deliveries in the basement, peeling and dicing onions, placing kegs of beer in the refrigerator, twisting cardboard boxes, tying them down and taking them out with the garbage, cleaning the basement, sweeping and mopping, removing kitchen rubber mats and cleaning the kitchen floor, taking cups and other dishes from the bar and placing them in a dishwashing machine and taking them back to the bar, washing all the cooking utensils, pots and utensils used by the kitchen staff (hereinafter "non-tipped non-delivery duties").

5.      At all times relevant to this complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage, overtime, and spread of hours compensation required by federal and state law and regulations.

9.      Defendants employed and accounted for Plaintiffs as delivery workers but in actuality their duties required greater or equal time spent performing the non-tipped non-delivery functions described above.

10.     Regardless, at all times Defendants paid Plaintiffs below the tip-credit rate. Furthermore, under state law Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate and to enable them to pay Plaintiffs below the lower tip-credited rate by designating them delivery workers instead of non-tipped employees.

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work without providing the minimum wage compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

17.     Plaintiff Miguel Cisneros ("Plaintiff Cisneros" or "Mr. Cisneros") is an adult individual residing in New York County, New York. Plaintiff Cisneros has been employed by the Defendants from approximately April 2008 to the present date.

18.     Plaintiff Rogelio Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Queens County, New York. Plaintiff Hernandez has been employed by the Defendants from approximately October 2005 to the present date.

19.     Plaintiff Margarito Candido ("Plaintiff Margarito" or "Mr. Margarito") is an adult individual residing in Bronx County, New York. Plaintiff Margarito was employed by the Defendants from approximately October 2011 to January 3, 2013.

20.     Plaintiff Andres Candido ("Plaintiff Candido" or "Mr. Candido") is an adult individual residing in Bronx County, New York. Plaintiff Candido was employed by the Defendants from approximately October 2012 to January 2, 2013.

21.     Plaintiff Antonio Fuentes ("Plaintiff Fuentes" or "Mr. Fuentes") is an adult individual residing in New York County, New York. Plaintiff Fuentes was employed by the Defendants from approximately November 2009 to July 2011.

22.     Plaintiff Henry Larrea ("Plaintiff Larrea" or "Mr. Larrea") is an adult individual residing in Queens County, New York. Plaintiff Larrea was employed by the Defendants from approximately April 2011 to August 2012.

23.     Plaintiff Joffre Guaranda ("Plaintiff Guaranda" or "Mr. Guaranda") is an adult individual residing in Queens County, New York. Plaintiff Guaranda was employed by the Defendants from approximately September 2012 to November 2012.

*Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled a chain of fast food restaurants located at 576 9th Avenue, New York, NY 10036, 66 Madison Avenue, New York, NY 10016 and 131 East 31st, New York NY 10016 operating under the trade name "Shorty's".

25.     Upon information and belief, WiseWiz LLC. (d/b/a Shorty's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant WizeWiz LLC., maintains its corporate headquarters at 576 9th Avenue, New York, NY 10036.

26.     Upon information and belief, Nomad Hospitality LLC., (d/b/a Shorty's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Nomad Hospitality LLC., maintains its corporate headquarters at 960 Holmdel Road, Building 2, Holmdel, NJ 07733.

27.     Upon information and belief, ES Management Group Inc., (d/b/a Shorty's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant ES Management Group Inc., maintains its corporate headquarters at 500 West 43rd St., Suite 27J New York, NY 10036

28.     Defendant Evan Stein is an individual engaging in business in this judicial district during the relevant time period. Defendant Evan Stein is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation. He possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules

of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendant owns, operates, or controls a chain of fast food restaurants located at multiple locations in New York, including 576 9th Avenue, New York, NY 10036, 66 Madison Avenue, New York, NY 10016 and 131 East 31st, New York NY 10016 operating under the trade name "Shorty's".

30.     The Individual Defendant, Evan Stein, possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

31.     Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.     Defendant employs Plaintiffs, and all similarly situated individuals, and is Plaintiffs' (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     Upon information and belief, Individual Defendant Evan Stein operates WiseWiz LLC , Nomad Hospitality LLC., and ES Management Group Inc., as either an alter ego of himself, and/or fails to operate WiseWiz LLC, Nomad Hospitality LLC., and ES Management Group Inc., as entities legally separate and apart from himself, by among other things,

- 7 -

   a.  failing to adhere to the corporate formalities necessary to operate WiseWiz LLC, Nomad Hospitality LLC., and ES Management Group Inc. as corporations,

   b.  defectively forming or maintaining the corporate entities WiseWiz LLC, Nomad Hospitality LLC., and ES Management Group Inc., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records,

   c.  transferring assets and debts freely as between all Defendants,

   d.  operating WiseWiz LLC , Nomad Hospitality LLC., and ES Management Group Inc., for his own benefit as the sole or majority shareholder,

   e.  operating WiseWiz LLC , Nomad Hospitality LLC., and ES Management Group Inc., for his own benefit and maintaining control over it as a closed corporation,

   f.  intermingling assets and debts of his own with WiseWiz LLC, Nomad Hospitality LLC., and ES Management Group Inc.

   g.  diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests, and

   h.  other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiffs' employer within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

35.    In each year from 2007 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

37.     The Plaintiffs are present and former employees of the Defendants, ostensibly employed as delivery workers. However, Plaintiffs are (were) also required to perform the non-delivery non-tip duties described above.

38.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Miguel Cisneros*

39.     Plaintiff Cisneros has been employed by the Defendants from approximately April 2008 to the present date.

40.     Defendants ostensibly employ Plaintiff Cisneros as a delivery worker. However, Plaintiff Cisneros is also required to perform the non-delivery non-tip duties described above.

41.     Although Plaintiff Cisneros is ostensibly employed as a delivery worker, he spends over 20 percent of his daily hours performing non-delivery work.

42.     Plaintiff Cisneros regularly handles goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Cisneros's work duties require neither discretion nor independent judgment.

44.     From approximately April 2008 until November 2011, Plaintiff Cisneros worked from 10 a.m. to 3 p.m. on Mondays, Tuesdays and Thursdays, and from 10 a.m. to 12 a.m. on Fridays, Saturdays and Sundays. (Typically 57 hours per week).

45.     From approximately November 2011 to the present date, Plaintiff Cisneros has worked from 10 a.m. to 3 p.m. Monday through Friday. (Typically 25 hours per week).

46.     Throughout his employment with the Defendants, Plaintiff Cisneros has been paid his wages in cash.

47.     Plaintiff Cisneros has been paid $5 per hour throughout his employment with defendants.

48.     Plaintiff Cisneros's pay does not vary even when he is required to stay later or work a longer day than his usual schedule.

49.     Plaintiff Cisneros has never been notified by the Defendants that his tips would be included as an offset for wages.

50.     Plaintiff Cisneros is not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

51.     Defendants did not provide Plaintiff Cisneros with each payment of wages a statement of wages, as required by NYLL 195(3).

52.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Cisneros regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not give any notice to Plaintiff Cisneros, in English and in Spanish (Plaintiff Cisnero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     Defendants required Plaintiff Cisneros to purchase "tools of the trade" with his own funds—including a bicycle for $460, another bicycle for $300; a basket for $60, a helmet for $25, a chain for $20 and lock for $37 totaling $902.

*Plaintiff Rogelio Hernandez*

55.     Plaintiff Hernandez has been employed by the Defendants from approximately January 2005 to the present date.

56.     Defendants ostensibly employ Plaintiff Hernandez as a delivery worker. However, Plaintiff Hernandez is also required to perform the non-delivery non-tip duties described above.

57.     Although Plaintiff Hernandez is ostensibly employed as a delivery worker, he spends over 20 percent of his daily hours performing non-delivery work throughout his employment with Defendants.

58.     Plaintiff Hernandez regularly handles goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Hernandez's work duties require neither discretion nor independent judgment.

60.     From approximately November 2006 until November 2009, Plaintiff Hernandez worked from 12 p.m. until 12 a.m. Monday through Thursdays and from 12 p.m. until 10 p.m. Saturdays and Sundays (typically 68 hours per week).

61.     From approximately November 2009 until the present date, Plaintiff Hernandez has worked Mondays, Thursdays and Fridays from 10 a.m. to 11 p.m., Tuesdays from 10 a.m. to 10 p.m., Wednesdays from 10 a.m. to 4 p.m., and Saturdays from 10 a.m. to 8 p.m. (typically 67 hours per week).

62.     From approximately November 2009 until the present date, Plaintiff Hernandez has worked at all three Shorty's locations: 66 Madison Avenue, New York, NY 10016, 133 East 31st. St., New York, NY 10016, and 576 9th Ave, New York, NY 10036.

63.     Throughout his employment with the Defendants, Plaintiff Hernandez has been paid his wages in cash.

64.     Plaintiff Hernandez has been paid $5 per hour throughout his employment with defendants.

65.     Plaintiff Hernandez's pay does not vary even when he is required to stay later or work a longer day than his usual schedule.

66.     Plaintiff Hernandez has never been notified by Defendants that his tips are being included as an offset for wages.

67.     Defendants do not account for these tips in any daily or weekly accounting of Plaintiff Hernandez' wages.

68.     Defendants did not provide Plaintiff Hernandez with each payment of wages a statement of wages, as required by NYLL 195(3).

69.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

70.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71.     Defendants required Plaintiff Hernandez to purchase "tools of the trade" with his own funds—including 4 bicycles. One for $220, another one for $180,  another one for $175 and a fourth one for $250, a chain for $25 and lock for  $37 totaling $887.

*Plaintiff Margarito Candido*

72.     Plaintiff Margarito was employed by the Defendants from October 2011 to January 3, 2013.

- 12 -

73.     Defendants ostensibly employed Plaintiff Margarito as a delivery worker. However, Plaintiff Margarito was also required to perform the non-delivery, non-tip duties described above.

74.     Although Plaintiff Margarito was ostensibly employed as a delivery worker, he spent over 20 percent of his daily hours performing non-delivery work throughout his employment with Defendants.

75.     Plaintiff Margarito regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

76.     Plaintiff Margarito's work duties required neither discretion nor independent judgment.

77.     From October 2011 until June 2012, Plaintiff Margarito worked from 10 a.m. to 12 p.m. on Mondays, Wednesdays, Thursdays and Fridays and from 6 p.m. to 5 a.m. on Saturdays and Sundays (typically 78 hours per week).

78.     From June 2012 until January 2013, Plaintiff Margarito worked from 10 a.m. to 11 p.m. on Tuesdays, Wednesdays, Thursdays and Fridays, and on Saturdays and Sundays from 6 p.m. to 5:30 a.m. as a porter (typically 75 hours per week).

79.     From October 2011 until approximately June 2012, Plaintiff Margarito worked at two locations: Madison Avenue between 28 and 29 and on 9th Avenue, and on Saturdays and Sundays he worked at Shorty's on 576 9th Avenue, New York, NY.

80.     From October 2011 until approximately June 2012, Plaintiff Margarito worked at the 66 Madison Avenue and at 9th Avenue locations.

81.     From June 2012 until approximately January 3, 2013, Plaintiff Margarito worked at the 576 9th Avenue location.

82.    Throughout his employment with the Defendants, Plaintiff Margarito was paid his wages in cash.

83.    Plaintiff Margarito was paid $5 per hour for his time as a delivery worker and $8 for his time as a porter.

84.    Plaintiff Margarito's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

85.    Plaintiff Margarito was never notified by Defendants that his tips were being included as an offset for wages.

86.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Margarito's wages.

87.    Defendants did not provide Plaintiff Margarito with each payment of wages a statement of wages, as required by NYLL 195(3).

88.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Margarito regarding overtime and wages under the FLSA and NYLL.

89.    Defendants did not give any notice to Plaintiff Margarito in English and in Spanish (Plaintiff Margarito's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

90.    Defendants required Plaintiff Margarito to purchase "tools of the trade" with his own funds—including 3 bicycles (one at $200, another at $250 and one for $200, special light for the bike $20, 2 polo shirts for $8 each totaling $686.

*Plaintiff Andres Candido*

91.    Plaintiff Candido was employed by the Defendants from October 2012 to January 3, 2013.

- 14 -

92.     Defendants ostensibly employed Plaintiff Candido as a delivery worker. However. Plaintiff Candido was also required to perform the non-delivery non-tip duties described above.

93.     Although Plaintiff Candido was ostensibly employed as a delivery worker, he spent over 20 percent of his daily hours performing non-delivery work throughout his employment with Defendants.

94.     Plaintiff Candido regularly handled goods in interstate commerce. such as food and other supplies produced outside the State of New York.

95.     Plaintiff Candido's work duties required neither discretion nor independent judgment.

96.     From October 2012 until January 3, 2013, Plaintiff Candido worked from 10 a.m. until 12 p.m. Monday through Saturday. (Typically 84 hours per week).

97.     Throughout his employment with the Defendants, Plaintiff Candido was paid his wages in cash.

98.     Plaintiff Candido was paid $5 per hour.

99.     Plaintiff Candido's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

100.    Defendants never notified Plaintiff Candido that his tips were being included as an offset for wages.

101.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Candido's wages.

102.    Defendants did not provide Plaintiff Candido with each payment of wages a statement of wages. as required by NYLL 195(3).

103.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Candido o regarding overtime and wages under the FLSA and NYLL.

104.    Defendants did not give any notice to Plaintiff Candido in English and in Spanish (Plaintiff Candido's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Antonio Fuentes*

105.    Plaintiff Fuentes was employed by the Defendants from November 2009 to July 2011.

106.    Defendants ostensibly employed Plaintiff Fuentes as a delivery worker. However, Plaintiff Fuentes was also required to perform the non-delivery and non-tip duties described above.

107.    Although Plaintiff Fuentes was ostensibly employed as a delivery worker, he spent over 20 percent of his daily hours performing non-delivery work throughout his employment with Defendants.

108.    Plaintiff Fuentes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

109.    Plaintiff Fuentes's work duties required neither discretion nor independent judgment.

110.    From November 2009 to July 2011, Plaintiff Fuentes worked from 10 a.m. until 3 p.m. Thursdays and Fridays. (Typically 10 hours per week).

111.    Throughout his employment with the Defendants, Plaintiff Fuentes was paid his wages in cash.

112.    Plaintiff Fuentes was paid $5 per hour throughout his employment with defendants.

Defendants never notified Plaintiff Fuentes that his tips were being included as an offset for wages.

113.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Fuentes's wages.

114.    Defendants did not provide Plaintiff Fuentes with each payment of wages a statement of wages. as required by NYLL 195(3).

115.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Fuentes regarding overtime and wages under the FLSA and NYLL.

116.    Defendants did not give any notice to Plaintiff Fuentes in English and in Spanish (Plaintiff Fuentes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Henry Larrea*

117.    Plaintiff Larrea was employed by the Defendants from April 2011 to August 2012.

118.    Defendants ostensibly employed Plaintiff Larrea as a delivery worker. However, Plaintiff Larrea was also required to perform the non-delivery and non-tip duties described above.

119.    Although Plaintiff Larrea was ostensibly employed as a delivery worker. he spent over 20 percent of his daily hours performing non-delivery work throughout his employment with Defendants.

- 17 -

120.    Plaintiff Larrea regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

121.    Plaintiff Larrea's work duties required neither discretion nor independent judgment.

122.    From April 2011 to August 2012, Plaintiff Larrea worked from 6 p.m. through 12 p.m. Mondays, Tuesdays, Wednesdays and Fridays, and on Sundays from 12 a.m. to 12 p.m. (Typically 36 Hours per week)

123.    Throughout his employment with the Defendants, Plaintiff Larrea was paid his wages in cash.

124.    Plaintiff Larrea was paid $5 per hour throughout his employment with defendants. Defendants never notified Plaintiff Larrea that his tips were being included as an offset for wages.

125.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Larrea's wages.

126.    Defendants did not provide Plaintiff Larrea with each payment of wages a statement of wages, as required by NYLL 195(3).

127.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Larrea regarding overtime and wages under the FLSA and NYLL.

128.    Defendants did not give any notice to Plaintiff Larrea in English and in Spanish (Plaintiff Larrea's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Joffre Guaranda*

- 18 -

129.     Plaintiff Guaranda was employed by the Defendants from September 2012 to November 2012.

130.     Defendants ostensibly employed Plaintiff Guaranda as a delivery worker. However, Plaintiff Guaranda was also required to perform the non-delivery and non-tip duties described above.

131.     Although Plaintiff Guaranda was ostensibly employed as a delivery worker, he spent over 20 percent of his daily hours performing non-delivery work throughout his employment with Defendants.

132.     Plaintiff Guaranda regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

133.     Plaintiff Guaranda's work duties required neither discretion nor independent judgment.

134.     From September 2012 to November 2012, Plaintiff Guaranda worked from 11 a.m. to 12 a.m. Monday through Friday (Typically 65 Hours per week)

135.     Throughout his employment with the Defendants, Plaintiff Guaranda was paid his wages in cash.

136.     Plaintiff Guaranda was paid $5 per hour throughout his employment with defendants.

Defendants never notified Plaintiff Guaranda that his tips were being included as an offset for wages.

137.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Guaranda's wages.

138.     Defendants did not provide Plaintiff Guaranda with each payment of wages a

statement of wages, as required by NYLL 195(3).

139.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Guaranda regarding overtime and wages under the FLSA and NYLL.

140.     Defendants did not give any notice to Plaintiff Guaranda in English and in Spanish (Plaintiff Guaranda's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

141.     Defendants regularly required Plaintiffs to work without paying them the proper minimum and overtime wages.

142.     Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work without paying them appropriate minimum wage and overtime, as required by federal and state laws.

143.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

144.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

145.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

146.     Defendants required Plaintiffs to perform the jobs of multiple employees in addition to their primary responsibilities as delivery workers. These responsibilities included everything from pouring sauces into small cups, bringing up and storing sodas in the refrigerator,

bringing up food and other items from the basement for the counter staff, and cleaning the entire work place.

147.    Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent in the non-tipped functions described above.

148.    These Plaintiffs were paid at the lowered tip-credited rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

149.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

150.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated occupations with duties including bringing up and storing sodas in the refrigerator, cleaning the entire work place and bringing up food and other items from the basement for the counter staff.

151.    In violation of federal and state law as codified above, Defendants classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

152.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

153.    Defendants failed to post required wage and hour posters in the restaurant/shop, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' lack of sophistication in wage and hour laws.

154.    All Plaintiffs were paid their wages entirely in cash.

155.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

156.    Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

157.    Defendants employed several Plaintiffs as delivery workers and required them to provide their own locks, chains and bicycles, and refused to compensate them or reimburse them for these expenses.

158.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

159.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

160.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

161.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the proper wage rate and willfully failing to keep records required by the FLSA.

162.    The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

163.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

164.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

165.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

166.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

167.    Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

168.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

169.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

176.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

177.    Defendants, in violation of the FLSA, failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

178.    Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

179.    Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

180.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

181.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

182.    Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

183.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

184.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

185.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

186.    Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

187.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

188.    Plaintiffs been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

189.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

190.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

191.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

192.    Plaintiffs have been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING

REQUIREMENTS OF THE NEW YORK LABOR LAW)

193.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

194.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

195.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

196.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

197.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

198.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the

New York Commission of Labor as to Plaintiffs;

(k)    Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

- 29 -

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 18, 2013

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____
              Michael Faillace [MF-8436]

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone:     (212) 317-1200
Facsimile:     (212) 317-1620
*Attorneys for Plaintiff*